**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Abt,<br><br>                                    Plaintiff,<br><br>vs.<br><br>United of Omaha Life Insurance Company; Short-Term Disability Plan of DWWTO Inc, dba Toyota of Orange; Long-Term Disability Plan of DWWTO, Inc. dba Toyota of Orange,<br><br>                                    Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, John Abt ("Abt") alleges as follows:

**JURISDICTION AND VENUE**

1. Abt is a resident of Maricopa County, Arizona.

2. Defendant United of Omaha Life Insurance Company ("Omaha") is an insurance company incorporated in Omaha, Nebraska, with its principal place of business in Omaha, Nebraska. Omaha is authorized to do business in Maricopa County, Arizona.

3. Defendant Short-Term Disability Plan of DWWTO Inc. dba Toyota of Orange ("STD Plan") is a purported ERISA benefit plan established and maintained by DWWTO Inc, dba Toyota of Orange ("Toyota") for the benefit of its employees. The Plan includes short-term disability benefits ("STD"). Toyota is the Plan Administrator.

4. Defendant Long-Term Disability Plan of DWWTO Inc. dba Toyota of Orange ("LTD Plan") is a is a purported ERISA benefit plan established and maintained by DWWTO Inc, dba Toyota of Orange ("Toyota") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Toyota is the Plan Administrator.

5. Abt worked for Toyota at its Precision Toyota dealership in Tucson, Arizona.

6. Toyota is a Plan Fiduciary as that term is defined by ERISA.

7. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Omaha have caused events to occur in Arizona out of which Abt's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

10. Omaha pays for and administers the Plan's STD and LTD benefits.

11. Omaha is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's STD and LTD benefits.

**GENERAL ALLEGATIONS**

12. Toyota provided certain employees with STD benefits pursuant to the Plan.

13. Under the terms of the STD benefit, Abt is entitled to benefits if, as a result of injury or illness, he is unable to perform, with reasonable continuity, the substantial and material acts necessary to pursue his usual occupation.

14. The STD Plan benefits end on the date Abt reaches the maximum duration of coverage under the STD Plan (26 weeks).

15. The STD Plan has an elimination period of seven calendar days from the first date of absence from work before filing a claim for STD benefits.

16. Under the terms of the LTD benefit, Abt is entitled to benefits for the first 24 months when Omaha determines he is unable to perform, with reasonable continuity, the substantial and material acts necessary to pursue his own usual occupation and he is not working in his usual occupation.

17. After the first 24 months of disability, Abt is considered disabled if he is unable to work in any reasonable occupation solely because of a sickness or injury. The Plan defines usual occupation as any employment, business, trade or profession and the substantial and material acts of the occupation he was regularly performing for the policyholder when the disability began. Usual occupation includes, but is not limited to, the specific job he performed for the policyholder.

18. At all relevant times, Abt was a Toyota employee, became a covered individual under the Plan, and remained continuously employed by Toyota until May 12, 2016.

19. Abt suffered a concussion and a brain injury after he fell while hiking on April 1, 2015.

20. Abt attempted to continue to work in his own occupation of Business Development Manager for Precision Toyota following his concussion. Within two weeks, Abt's manager, Zac Ivanhoe, noted that Abt was having cognitive issues that were preventing Abt from continuing as Business Development manager.

21. Ivanhoe and Abt agreed that Abt would continue to work at the dealership as a salesperson.

22. Abt struggled to meet sales quotas and fulfill his obligations as a sales person and stopped working at Precision on May 12, 2016.

23. Abt contends he became disabled from his own occupation on or about April 1, 2015. He became disabled from any occupation on May 12, 2016.

24. The material and substantial duties of Abt's occupation that he was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to work without difficulty due to post concussive syndrome;
- Ability to work due to him needing therapy to restore his cognitive abilities and functions;
- Ability to work due to memory deficits, reduced emotional awareness, reduced cognitive stamina, attention deficit, and reduced impulse control.

25. Abt suffers from post concussive syndrome and has been actively engaged in therapy to improve his cognitive and memory skills, making some progress, but not enough to work full time in any occupation.

26. Abt became disabled on May 12, 2016 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

27. Omaha initially denied Abt's claim on July 18, 2016.

28. Abt is entitled to 60% of his weekly Predisability Earnings from May 19, 2016 through the present.

29. Abt provided proof of his debilitating medical conditions. In addition, Abt provided Omaha with completed attending physician statements and extensive medical records that support his disability.

30. Abt's is entitled to a weekly STD disability benefit in the amount of $450.00 from May 19, 2016 to November 17, 2016.

31. Abt submitted his appeal on September 15, 2016.

32. Omaha issued a final denial on October 5, 2016.

33. Abt has satisfied the jurisdictional prerequisites to filing a claim in federal court.

34. Abt continued to be disabled after November 17, 2016, at which time he would have been eligible for long-term disability benefits under the LTD Plan.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

35. Abt incorporates and realleges all previous allegations.

36. The Plan contains some language purporting to grant Omaha discretion and to give Omaha the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Abt is entitled to de novo review.

37. Abt became disabled on May 12, 2016 and continued to be disabled for the full 26 weeks of STD benefit eligibility through November 17, 2016. Abt is owed $11,700.00 in STD benefits.

38. Abt continues to be disabled as defined by the LTD Plan.

39. Omaha improperly denied Abt STD benefits in breach of the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

40. Because Abt did not qualify for his STD benefits, Omaha precluded him from filing an LTD claim.

41. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Abt is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

42. Pursuant to 29 U.S.C. § 1132(g), Abt is entitled to recover his attorneys' fees and costs incurred herein from Toyota and the Plan.

43. Abt is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

## COUNT II

## DECLARATORY RELIEF

44. Abt incorporates all previous allegations.

45. To qualify for benefits under the LTD Plan, on information and belief, Abt must be disabled for the term of his STD benefits, i.e., 26 weeks.

46. To qualify for LTD benefits, Abt must be unable to perform the substantial and material acts of his regular occupation. After 24 months, Abt must be unable to work in any reasonable occupation.

47. Abt continues to be disabled under the terms of the LTD Plan.

48. Abt is entitled to LTD benefits of 60% of his base monthly earnings, or approximately $1,950.00 per month in LTD benefits.

49. Abt is entitled to a declaration from the Court that he was disabled for the entire 26-week term of his STD benefits.

50. Because Omaha did not pay Abt his STD benefits he was never able to file a claim for benefits under the LTD Plan.

51. Abt seeks an order from the Court finding that Abt exhausted his STD claims and remanding the case to Omaha to consider Abt's claim for LTD benefits under the LTD Plan.

WHEREFORE, Abt prays for entry of judgment against Defendants as follows:

A. For all past benefits due Abt under the terms of the Plan;

B. Enforcing Abt's rights under the terms of the Policy;

C. Clarifying and determining Abt's rights to future benefits under the terms of the Policy;

D. A declaration finding that Abe was disabled for the entire STD benefit period;

E. An order remanding Abt's claim to Omaha to consider his eligibility for long-term disability benefits;

F. For an award of Abt's attorneys' fees and costs incurred herein;

G. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

H. For such other and further relief as the Court deems just and reasonable.

Dated this 24th day of April 2018.

         SCHIFFMAN LAW OFFICE, P.C.

         By: /s/ Lisa J. Counters
           Lisa J. Counters